WILEY A. MONCRIEF, by his next friend, plaintiff in error, *vs.* WILLIAM L. JONES, defendant in error.

1. The military authorities cannot legally detain one in the service who is a minor below the age at which he owes military service, notwithstanding such person voluntarily enlisted, has received bounty, subsistence, and clothing. He is incapable of contracting, and is not bound by his agreement.

*Habeas Corpus.*    Decision by Judge LOCHRANE, November 9th, 1862.

Wiley A. Moncrief made application to Judge Lochrane for the writ of *habeas corpus,* alleging that he was illegally kept in custody by William L. Jones, captain of a company in the service of the Confederate States, stationed at Macon.

The writ issued, and on the hearing the following facts were either proved or admitted, to-wit:    That the applicant, Moncrief, was a minor, under the age of seventeen years, and had volunteered, under the call of Gov. Brown, on the 4th of March, 1862; that he was mustered into service, and remained in without any effort on the part of his mother (a widow) until a short time before his application for the writ, to have him released; that his mother did not consent to his enlistment, unless it was by her acts, viz: making and sending him clothes after his enlistment, she being ignorant of any right she had to prevent him from enlisting.    After she heard that she had a right to interpose, complaint was made by her to the officers, and she consented "to make no more

Moncrief *vs.* Jones.

fuss about it," if her son should be transferred to Savannah, where his brothers were, instead of being liable to be sent to Virginia, and this transfer was never made.    It also appeared that Moncrief had received his bounty and part of his pay before the writ was served, and after its service he had received subsistence, pay and clothing from the Government.

After hearing argument, Judge Lochrane decided that the applicant was a legally enrolled soldier of the Confederate States, and ordered that he be remanded to the custody of the defendant in error, and this ruling and order is the error complained of.

JOHN RUTHERFORD, for plaintiff in error.

No appearance for defendant.

*By the Court*—LYONS, J., delivering the opinion.

The plaintiff in error, being a minor and not subject by the laws of Congress, or of the State of Georgia, to the performance of military service, was entitled to his discharge. That his enlistment was a voluntary act of his own, and that he had received the bounty allowed by Act of Congress for voluntary enlistment, pay and clothing, does not affect the question.    These things go to establish a contract and one by which he would have been bound had he been able to contract, but on account of his minority he was incapable of making a contract binding on himself.    Had he been of sufficient age to be subject to the performance of military duty, I mean of the age fixed by law for that purpose, the case would be different, for then the contract must be understood with reference to his liability to the performance of the service he contracted to render.    His mother was entitled to his services, and had she received the bounty and consented to the enlistment the liability of the plaintiff would have been fixed.    As she neither consented nor received the bounty, and the plaintiff himself was incapable of contracting, he was entitled to a discharge from the service.

Let the judgment be reversed.